Syllabus.

## STANDARD METALLIC PAINT CO. v. PRINCE MANUF. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF CARBON COUNTY.

Argued March 11, 1890—Decided March 24, 1890.

(a) A husband and wife joined in a conveyance of lands of the husband to a trustee, in trust for the sole and separate use of the wife during the life of the wife, the land from the death of the wife to be the property of the husband.

(b) Afterward, the husband and wife and the trustee joined in a mining lease of the land; and, after the death of the husband and wife during the term of the lease, the land was sold by Orphans' Court sale for the payment of the husband's debts, including liens subsisting prior to the execution of the lease:

1. In such case, the deed of trust gave to the wife a life-estate only; the lease as to her could not extend beyond such estate, and the judicial sale of the land, after her death, for the payment of the husband's debts, divested the estate of the lessee and passed a title unincumbered thereby to the purchaser at such sale.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 43 January Term 1890, Sup. Ct.; court below, No. 17 June Term 1884, C. P.

To the number and term of the court below, the Standard Metallic Paint Company brought ejectment against the Prince Manufacturing Company and Wilson Kline. Issue.

At the trial on June 18, 1885, a special verdict was found by the jury, which as subsequently amended by agreement of the parties, was in substance as follows:

We find that the title to the premises in dispute and described in the plaintiff's writ was in Augustus Lehr on October 25, 1860, by virtue of a deed dated February 4, 1853, made by Henry Bowman and wife, recorded; and that on said October 25, 1860, said Augustus Lehr and wife, by their deed made on that day, and recorded, conveyed the same to Charles Albright, in trust for the sole and separate use of said Mary Ann Lehr,

wife of Augustus Lehr, during her natural life, with power to said Albright as trustee to sell and convey the same or any part of the same in fee-simple upon the written direction of said Mary Ann Lehr, and the following further provision: "And from and after the decease of said Mary Ann Lehr, the said estate is to be the property of said Augustus Lehr."

That on March 31, 1869, the said Augustus Lehr, Mary Ann Lehr, his wife, and said Charles Albright, trustee, by their lease in writing executed on that day, leased the said premises to Adolph Reich, his heirs and assigns, for the term of thirty years, for the purpose of mining ore, etc.; that said lease was forfeited by reason of non-performance of the covenants therein contained, and on May 20, 1875, was renewed for the term of twenty-four years by the said parties, by writing indorsed thereon.

That the Standard Metallic Paint Company, the plaintiff, is the owner of the said lease to Adolph Reich, above referred to, by title acquired subsequent to the sale and deed hereinafter referred to, by Lehr's administrator to Wilson Kline, and with notice of said sale having taken place.

That on August 27, 1868, William Bowman obtained a judgment against Augustus Lehr and Mary Ann Lehr, his wife, in the Court of Common Pleas of Carbon county, to No. 130 June Term 1868, for $800, which judgment was revived against said parties defendant August 26, 1873, and June 20, 1878, by amicable revival. That on September 5, 1867, said Augustus Lehr and Mary Ann Lehr, his wife, made and executed to C. M. Runk their mortgage upon the premises in dispute in this case for the sum of $500, which said mortgage was on March 14, 1872, recorded. That on March 4, 1875, Nathan Weiler obtained judgment in the Court of Common Pleas of Carbon county to No. 3 January Term 1875, against Augustus Lehr for the sum of $    , which was revived within the term of five years from the date of its entry. That said several judgments and said mortgage remained unsatisfied and unpaid at the death of said Mary Ann Lehr and said Augustus Lehr.

That said Mary Ann Lehr died in the month of March, 1878, intestate, and no letters of administration were ever granted upon her estate. That said Charles Albright died September 28, 1880. That said Augustus Lehr died February 27, 1883, intestate, and letters of administration upon his estate were

Statement of Facts.

granted to J. C. Kreamer according to law. That said J. C. Kreamer, administrator, presented his petition to the Orphans' Court of Carbon county, setting forth that the personal estate of said Augustus Lehr was not sufficient to pay his just debts, annexing a list of them, and amongst them the judgments of William Bowman and Nathan Weiler and the mortgage of C. M. Runk above referred to, and praying for an order to sell the real estate for payment of debts ; whereupon at April Term 1883, the court decreed a sale of the premises in dispute in this case for the payment of the debts of the said Augustus Lehr.

That in pursuance of the order and decree of said Orphans' Court of Carbon county and the act of assembly, a sale was made, at the premises described in plaintiff's writ, for the payment of the debts of said Augustus Lehr, deceased, amongst them the judgments and mortgage above referred to, to Wilson Kline, one of the defendants, and a deed therefor was executed and delivered to said Kline by said J. C. Kreamer, administrator of said Augustus Lehr, on August 25, 1883, after the confirmation of the sale by the Orphans' Court of Carbon county, and in pursuance of the order and decree thereof.

That after the delivery of said deed to the said Wilson Kline by said J. C. Kreamer, administrator, said Wilson Kline made a lease in writing with the said Prince Manufacturing Company for the said premises, and that at the time of the plaintiff's writ, said Prince Manufacturing Company was in possession of said premises under said lease with said Kline. All of the records, papers and documents offered in evidence are made a part of this verdict.

That under these facts and the law arising from them, the jury are ignorant how they ought to find ; that if the court be of the opinion that under the law arising from the above facts, the plaintiff is entitled to recover, then we say we find for the plaintiff ; but if the court be of the opinion that under the law the plaintiff is not entitled to recover, then we say we find for the defendants.

—On October 20, 1887, after argument, the court, DREHER, P. J. made absolute a rule for judgment in favor of the defendants ; whereupon, judgment being entered, the plaintiff took this appeal, assigning the order directing the entry of the judgment for the defendants for error.

*Mr. Allen Craig* (with him *Mr. James S. Loose*), for the appellant.

Counsel cited : 2 Sugden on P., 134; Bispham's Eq., § 194; Asay v. Hoover, 5 Pa. 36; Shankland's App., 47 Pa. 113 ; Zane v. Kennedy, 73 Pa. 182; Bispham's Eq., § 61; Freeman on Judgments, 2d ed., § 354; Brown v. Williamson, 36 Pa. 338; Diehl's App., 33 Pa. 406 ; Brandies v. Cochrane, 112 U. S. 344.

*Mr. W. G. Freyman* (with him *Mr. Horace Heydt*), for the appellees.

Counsel cited: McFadden v. Drake, 79 Pa. 473; Lancaster v. Dolan, 1 R. 231; Maurer's App., 86 Pa. 384; Ege v. Medlar, 82 Pa. 86; Wallace v. Coston, 9 W. 137; Barnett's App., 46 Pa. 399; Miner's App., 61 Pa. 283; Hogg v. Ashman, 83 Pa. 82; Lancaster Co. Bank v. Stauffer, 10 Pa. 398; Beard v. Deitz, 1 W. 309; Linton v. Hart, 25 Pa. 193; Carkhuff v. Anderson, 3 Binn. 4; Randolph's App., 5 Pa. 242; Moor v. Shultz, 13 Pa. 98; Fisher v. Kurtz, 28 Pa. 49; Girard Co. v. F. & M. N. Bank, 57 Pa. 388; F. & M. Bank v. Ege, 9 W. 436; Duff v. Wilson, 69 Pa. 316; Garrett v. Dewart, 43 Pa. 349; McCall v. Lenox, 9 S. & R. 302; Hemphill v. Tevis, 4 W. & S. 535; Everman's App., 67 Pa. 335.

PER CURIAM:

Under the facts as found in the amended verdict, the court below entered judgment for the defendants non obstante veredicto. We fail to see error in this. The deed of trust from Augustus Lehr and wife, of October 25, 1860, gave to Mrs. Lehr a life-estate only. It follows that the lease could not extend beyond such estate. At her death the property vested in Augustus Lehr. It was sold as his estate, by his administrator, for the payment of his debts. Wilson Kline became the purchaser at said sale, and subsequently he leased the property to the Prince Manufacturing Company, defendant below. We are of opinion the said company took a good title, and that the judgment below was properly entered.

Judgment affirmed.